**UNITED STATES of America**

v.

**Eric L. DICUS.**

**No. LR 63 CR 136.**

United States District Court
E. D. Arkansas, W. D.
May 12, 1964.

Jeff Davis, Jr., Ass't U. S. District Atty., Little Rock, Ark., Nathan Rachael, Dallas, Tex., for the Government.

G. Thomas Eisele, Little Rock, Ark., J. E. Lightle, Jr., Searcy, Ark., for defendant.

YOUNG, District Judge.

Defendant was indicted for violation of Section 501(c) and Section 209(c) of the Labor-Management Reporting and Disclosure Act (29 U.S.C. §§ 501(c) and 439(c)), in that as an employee of Local 1282, Pool Arrangement, International Hod Carriers, Building and Common Laborers' Union of America, AFL–CIO, (hereafter referred to as "The Pool Arrangement") he had embezzled from that body the sum of $1,919.55, and had willfully and knowingly concealed records of the Pool Arrangement required to be kept by Section 206 of the Act (29 U.S.C. § 436).

Defendant claims that Local 1282, Pool Arrangement, was not a labor organization as defined in the Act, and a hearing was held for determination of that issue.

The evidence offered by the prosecution showed that the Pool Arrangement was not a chartered local of the International. In 1957, in order to better supply adequate and sufficient union labor for the Dardanelle Dam and Heber Springs conservation projects without a possible conflict between its chartered locals in Arkansas, the International, by letter to Local 107 at Fort Smith, Local 490 at Hot Springs, Local 1328 at Jonesboro, and Local 1282 at Little Rock, Arkansas, authorized a pool arrangement whereby members of these various chartered locals would become affiliated in one body, temporarily, and could be employed without disputes among the chartered locals regarding contracts with employers, and other matters of representation between employers and employees.

In 1961, when the Titan Missile Project in Arkansas required union labor, a similar type arrangement was authorized by the International for that project. Thus, Local 1282, Pool Arrangement, was authorized for the Titan Missile Project. In addition to the four chartered locals mentioned, Local 788 at Camden, Arkansas joined the group of chartered locals and delegated a director to run the Pool Arrangement for the Missile Project in conjunction with a director from each of the other locals.

An office for the conduct of the business of the Pool Arrangement was opened in the City of Searcy, Arkansas. The Pool Arrangement was managed and conducted under the direction of the five directors who served as the Executive Board. This Board regularly held meetings and recorded its minutes.

On September 6, 1961, the Pool Arrangement, through representative directors, became a party and signatory to a contract, along with Paul Hardeman and Fischback and Moore, Inc., the prime construction contractor for the Missile Project, together with the Central Arkansas Building Construction Trades Council, whereby the Pool Arrangement was recognized as the local labor organization acting as the representative of the employees who were members of the five local unions in matters of and concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment.

Though the Pool Arrangement was not a chartered local, it did, as a labor organization, file the necessary reports, as such, with the Department of Labor, Bureau of Labor-Management Reports (now Labor-Management and Welfare Pension Reports) in accordance with the provisions of Title II of the Labor-Management Re-

284

porting and Disclosure Act, with the advice and at the instructions of the International. This indicated that it was the opinion of the International and of the Pool Arrangement that it was, in fact, a labor organization within the meaning of the Act and was required to file such reports. In the manner of its operations, and as an arm and creature of the International, there is no doubt that the Pool Arrangement is a labor organization within the definition of Section 3(i) of the Act (29 U.S.C. § 402(i)).

In addition, the prosecution adduced evidence to show that the above mentioned prime contractors, Paul Hardeman, Inc. and Fischback and Moore, Inc., a joint venture, at the Missile Project, received approximately eighty percent (80%) of the materials going into the job, amounting to and valued at many millions of dollars from without the State of Arkansas. The supervising structural engineer of the U. S. Army Corps of Engineers also testified that he checked and examined materials going into the job, at places outside the State of Arkansas. Also it was shown that a local, chartered by this International other than those comprising the Pool Arrangement, had been certified as a bargaining agent for employees of an employer engaged in an industry affecting commerce, under the provisions of the National Labor Relations Act, as amended.

Section 3(j) of the Act (29 U.S.C. § 402(j)) describes when a labor organization shall be deemed to be engaged in an industry affecting commerce, and presents several alternative situations when such a determination may be made. Here the prosecution has shown that the Pool Arrangement, although not itself certified as the representative of employees under the National Labor Relations Act, as amended, was a local labor organization recognized, or acting, as the representative of employees of an employer engaged in an industry affecting commerce, and also that the International, by whose authorization the Pool Arrangement was created, and of which it was an arm, has chartered a local else-where which is representing employees of employers as the certified representative of employees under the provisions of the National Labor Relations Act.

Thus, Local 1282, Pool Arrangement, International Hod Carriers, Building and Common Laborers' Union of America, AFL–CIO, meets the requirements defining a labor organization engaged in an industry affecting commerce, in Section 3(i) and (j) of the Labor-Management Relations Disclosure Act, so as to give the Court the jurisdiction to determine the merits of the indictment.